UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                             Case No. 8:08CR7-T-EAK-EAJ

RAFAEL DE JESUS GOMEZ-ALVAREZ
_____/

## ORDER

This cause is before the Court on the defendant's motions for a sentencing reduction and for a release date earlier than November 1, 2015.  In April 2014, the United States Sentencing Commission ("Commission") promulgated and submitted to Congress Amendment 782 to the United States Sentencing Guidelines, which reduced the sentencing guidelines for most federal drug trafficking offenders. Specifically, Amendment 782 reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table.  In July 2014, the Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782. *See United States v. Peak*, 579 Fed. Appx. 888, 891 n.1 (11th Cir. 2014).

Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 251) and the Government's response (Doc. 256) are under consideration by this Court. Defendant seeks a sentence reduction based on Amendment 782. Additionally, Defendant

-1-

seeks release from custody prior to November 1, 2015, the delayed release date selected by the Commission in its policy statement, USSG § 1B1.10(e). While the Government agrees that Defendant is eligible for the 2 level reduction under Amendment 782, and does not oppose a reduced sentence of  months or time served, whichever is longer, it opposes Defendant's request to be released before November 1, 2015. (Doc. 256).

Defendant was sentenced before the effective date of Amendment 782. The retroactive application of Amendment 782 therefore reduces his sentencing guidelines range by 2 levels. Where, as here, a defendant's original sentence was based on a sentencing range which has subsequently been lowered by a retroactive guidelines amendment, the defendant's sentence may be reduced "if such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(2). Accordingly, Defendant is eligible for a sentence reduction under Amendment 782 and his motion will be granted to that extent, effective November 1, 2015 pursuant to USSG § 1B1.10(e).

The Court adopts the reasoning so astutely set out in *United States v. Taurino Espinoza*, Case No. 8:06-CR-389-T-27MAP (Doc. 59) and concludes that the motion for release prior to November 1, 2015, should be denied.  Accordingly, it is

**ORDERED** that, after considering the factors in section 3553(a), Defendant's Motion for Sentence Reduction Under Amendment 782 (Doc. 251) is **GRANTED** to the extent that his sentence of imprisonment is reduced to 108 months or time served, whichever is longer. *See* USSG § 1B1.10(b)(2(c) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

This reduction is effective November 1, 2015, pursuant to USSG § 1B1.10(e). All other terms and conditions of the original sentence remain the same. The motion is **DENIED** to the extent Defendant seeks a release from imprisonment prior to November 1, 2015.

    **DONE AND ORDERED** this 8th day of April, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Magistrate Judge
United States Marshals Service
United States Probation Office
United States Pretrial Services